## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:

| | |
|---|---|
| MELISSA O'NEIL<br>    Plaintiff | |
| v. | **COMPLAINT AND DEMAND<br>FOR TRIAL BY JURY** |
| DELL, INC.<br>    Defendant | |

## JURISDICTION

1. This is a civil action and the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars exclusive of interest and costs.

2. There exists diversity of citizenship among the parties to this action. As such, the United States District Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332.

3. The Plaintiff, Melissa O'Neil, is a citizen and resident of the Commonwealth of Massachusetts. The Defendant, Dell, Inc. is a foreign corporation that transacts substantial business in this judicial district and/or is otherwise subject to personal jurisdiction.

4. The event that forms the subject of the Plaintiff's Complaint for Personal Injury-Product Liability occurred in this judicial district. As such, venue is appropriate for the United States District Court, District of Massachusetts pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, Melissa O'Neil, is an individual and resides at One Wampanoag Drive, Apartment M6, Mashpee, (Barnstable County) Massachusetts.

6. Defendant, Dell, Inc., is a corporation duly organized under the laws of the State of Delaware, with its principle place of business located at One Dell Way, Round Rock, (Williamson County) Texas.

## FACTUAL ALLEGATIONS

7. At all material times hereto, Defendant, Dell, Inc., was and is engaged in the business of designing, manufacturing, engineering, assembling, marketing, distributing, selling and/or otherwise placing into the stream of commerce worldwide, and within the Commonwealth of Massachusetts, computers, computer components and printers, specifically, the Dell Laser Printer 1700n.

8. At all material times hereto, Plaintiff Melissa O'Neil, was employed by C-MAP/USA a corporation duly organized under the laws of the Commonwealth of Massachusetts, with its principle place of business located at Shellback Place, Building 2, 133 Falmouth Road, Mashpee, Massachusetts which is engaged in the business of producing electronic charts for global navigation positioning systems.

9. Upon information and belief, C-MAP/USA, purchased, directly from Defendant, Dell, Inc., the Dell Laser Printer 1700n that is the subject of the Plaintiff's Complaint, sometime prior to September of 2005 for use in its Mashpee, Massachusetts offices.

10. On or about October 5, 2007, the Plaintiff, Melissa O'Neil, attempted to retrieve a document from Defendant, Dell, Inc.'s Laser Printer and sustained a severe electric shock, sought medical treatment thereafter, has since been diagnosed with Complex Regional Pain Syndrome, (CRPS) a chronic, painful and progressive neurological condition, that requires continual medical treatment and has rendered her unable to maintain gainful employment.

11. Upon information and belief, on or about October 5, 2007, C-MAP/USA's Information Technology Manager notified Defendant, Dell, Inc., about this incident of electric shock and it, at its expense, shipped a "replacement" printer to C-MAP/USA in accordance with its voluntary recall program.

12. Defendant, Dell, Inc. designed, manufactured, engineered, assembled, marketed, distributed and sold the Dell Laser Printer 1700n to C-MAP/USA sometime prior to September of 2005.

13. Defendant, Dell, Inc. had a duty to design, manufacture, engineer, assemble, market, distribute and sell laser printers that were safe and/or fit for their normal and customary use.

14. Defendant, Dell, Inc. should have reasonably expected that individuals such as the Plaintiff, Melissa O'Neil, would use the Dell Laser Printer 1700n that was purchased by her employer for printing documents at its offices located in the Commonwealth of Massachusetts.

15. Defendant, Dell, Inc.'s Laser Printer 1700n did not contain adequate warnings of its propensity to cause electric shock to users retrieving printed documents.

16. Defendant, Dell, Inc., failed to provide any instruction on the proper use of the Dell Laser Printer 1700n in order to avoid circumstances and conditions that increased the risk of electric shock to its users.

17. Defendant, Dell, Inc.'s Laser Printer 1700n was defective and thereby endangered the safety and wellbeing of individuals who used the said Printer through the incident of electric shock.

18. At no time since purchasing the Dell Laser Printer 1700n did Defendant, Dell, Inc. warn Plaintiff, Melissa O'Neil and/or her employer, that the printer had a propensity to cause users to receive an electric shock despite that fact that it was aware of this electric shock hazard.

19. Upon information and belief, in September of 2005, Defendant, Dell, Inc., was aware that extended reliability testing of the Dell Laser Printer 1700n indicated that in certain circumstances improper grounding could pose a shock hazard and voluntarily recalled this product.

20. All contracts for the sale of goods in Massachusetts contain an implied warranty that goods sold will be merchantable and otherwise fit for the ordinary purposes for which such goods are used.

21. At the time of this incident, the Dell Laser Printer 1700n was covered by an express or implied warranty of merchantability from the Defendant, Dell, Inc.

22. At the time of this incident, Plaintiff, Melissa O'Neil, used the Dell Laser Printer 1700n in a manner consistent with its ordinary purpose and use.

## COUNT I – NEGLIGENCE

23. Plaintiff Melissa O'Neil, restates, re-alleges, and incorporates the allegations contained in Paragraphs 1 through 20 of this Complaint as if set forth fully herein.

24. The Dell Laser Printer 1700n used by the Plaintiff, Melissa O'Neil, was designed, manufactured, engineered, assembled, marketed, distributed and sold by the Defendant, Dell, Inc., to her employer in the regular course of business sometime prior to September 2005.

25. Defendant, Dell, Inc., was negligent through its inadequate and defective design and defects in the manufacturing process concerning the Dell Laser Printer 1700n, including but not limited to, the printers propensity to cause electric shock to its users and in failing to warn its users of the shock hazard and/or how to minimize the incident of electric shock through grounding.

26. The injuries sustained by the Plaintiff, Melissa O'Neil, were directly and proximately caused by the negligence by the Defendant, Dell, Inc.

27. As a direct and proximate result of Defendant, Dell, Inc.'s negligence, the Plaintiff, Melissa O'Neil, suffered bodily injury, physical pain, mental suffering and has incurred substantial damages.

## COUNT II – FAILURE TO WARN

28. Plaintiff, Melissa O'Neil, restates, re-alleges, and incorporates the allegations contained in Paragraphs 1 through 25 of this Complaint as if set forth fully herein.

29. The Dell Laser Printer 1700n used by the Plaintiff, Melissa O'Neil, was designed, manufactured, engineered, assembled, marketed, distributed and sold by the Defendant, Dell, Inc., to her employer in the regular course of business sometime prior to September 2005.

30. Defendant, Dell, Inc., was negligent through its inadequate and defective design and defects in the manufacturing process concerning the Dell Laser Printer 1700n, including but not limited to, the printers propensity to cause electric shock to its users and in failing to warn its users of the shock hazard and/or how to minimize the incident of electric shock through grounding.

31. The injuries sustained by the Plaintiff, Melissa O'Neil, were directly and proximately caused by the negligence by the Defendant, Dell, Inc.

32. As a direct and proximate result of Defendant, Dell, Inc.'s negligence, the Plaintiff, Melissa O'Neil, suffered bodily injury, physical pain, mental suffering and has incurred substantial damages.

## COUNT III – BREACH OF WARRANTY OF MERCHANTABILITY

33. Plaintiff Melissa O'Neil, restates, re-alleges, and incorporates the allegations contained in Paragraphs 1 through 30 of this Complaint as if set forth fully herein.

34. The Dell Laser Printer 1700n used by the Plaintiff, Melissa O'Neil, was designed, manufactured, engineered, assembled, marketed, distributed and sold by the Defendant, Dell, Inc., to her employer in the regular course of business sometime prior to September 2005.

35. Defendant, Dell, Inc., was negligent through its inadequate and defective design and defects in the manufacturing process concerning the Dell Laser Printer 1700n, including but not limited to, the printers propensity to cause electric shock to its users and in failing to warn its users of the shock hazard and/or how to minimize the incident of electric shock through grounding.

36. Defendant, Dell, Inc., expressly and impliedly warranted that the Dell Laser Printer 1700n was fit for its ordinary purposes and use and/or was otherwise merchantable when it placed the print into the stream of commerce within the Commonwealth of Massachusetts.

37. The Dell Laser Printer 1700n designed, manufactured, engineered, assembled, marketed, distributed and sold by the Defendant, Dell, Inc., was not fit for its ordinary purpose and use, and was otherwise not merchantable.

38. The bodily injury sustained by the Plaintiff, Melissa O'Neil, was directly and proximately caused by Defendant, Dell, Inc.'s breach of the express or implied warranty of merchantability.

39. As a direct and proximate result of Defendant, Dell, Inc.'s breach of the express or implied warranty of merchantability, the Plaintiff, Melissa O'Neil, suffered bodily injury, physical pain, mental suffering and has incurred substantial damages.

## JURY CLAIM

**PLAINTIFF, MELISSA O'NEIL, HEREBY DEMANDS TRIAL BY JURY ON ALL CLAIMS HEREIN TO THE FULLEST EXTENT PERMITTED BY LAW.**

**WHEREFORE,** the Plaintiff, Melissa O'Neil, respectfully request that this Honorable Court grant the following relief:

1. Award damages in an amount adequate to fairly compensate the Plaintiff, Melissa O'Neil, for her bodily injury, physical pain and mental suffering,

2.  Award costs and attorney's fees associated with initiating and prosecuting this civil action; and;

3.  Grant such other relief that this Honorable Court deems reasonable, just and proper.

>Respectfully submitted,
>Plaintiff, Melissa O'Neil,
>By her attorney,
>
>/s/ Steven T. Snow
>Steven T. Snow
>(BBO# 558331)
>Law Offices of Steven T. Snow
>2 Oak Street, Suite 202
>P. O. Box 628
>Mashpee, Massachusetts 02649
>(508) 477-7100

Dated: September 29, 2010